IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-78-FL

| | |
|---|---|
| DAVID DUNN MULLANEY and ELISE HUMPHRIES MULLANEY, )<br>)<br>)<br>Appellants, )<br>)<br>v. )<br>)          ORDER<br>BANK OF AMERICA, NATIONAL )<br>ASSOCIATION, AS SUCCESSOR BY )<br>MERGER TO MERRILL LYNCH BANK )<br>USA; and CITIMORTGAGE, INC., )<br>)<br>Appellee. ) | |

This matter is before the court on appeal of a final order of the United States Bankruptcy Court for the Eastern District of North Carolina granting summary judgment in favor of appellees, and related incorporated interlocutory orders.  See generally In re: Mullaney, 2019 WL 1579691, Case No. 17-02594-5-SWH, Adversary Proceeding No. 17-00039-5-SWH (Bankr.E.D.N.C. April 11, 2019).  Also before the court is appellants' motion (DE 20) to certify questions of law to the Supreme Court of Virginia.  The issues raised have been briefed fully, and in this posture are ripe for ruling.  For the reasons that follow, appellants' motion is denied and the judgment of the bankruptcy court is affirmed.

**STATEMENT OF THE CASE**

Appellants commenced the instant Chapter 11 bankruptcy case and adversary proceeding on May 26, 2017, wherein they seek to avoid a deed of trust (the "deed of trust") securing a residential mortgage on their property in Wilmington, North Carolina, (the "Property"). In their

Chapter 11 petition, appellants list the Property as having present value of $849,700.00, with a disputed claim by appellees, in the amount of $491,250.15.

In their complaint in the adversary proceeding, appellees assert that the deed of trust is not valid or enforceable against appellants, as debtors-in-possession, under 11 U.S.C. §§ 544(a)(1) and (3), because it does not contain an acknowledgment of the signature of the female debtor, appellant Elise Humphries Mullaney ("Mrs. Mullaney"). Accordingly, appellants seek avoidance of the deed of trust, and assert that the avoided lien be preserved for the benefit of the bankruptcy estate under 11 U.S.C. §§ 550 & 551.

Appellees filed answer, and amendment thereto, asserting affirmative defenses and counterclaims. On May 15, 2018, the bankruptcy court entered an order denying in part and deferring ruling in part on appellants' motion to dismiss and to strike such affirmative defenses and counterclaims. See In re: Mullaney, Adversary Proceeding No. 17-00039-5-SWH (Bankr.E.D.N.C. May 15, 2018).

In the adversary proceeding, the parties filed cross-motions for summary judgment. In support of their motion, appellants relied upon answers to interrogatories and requests for admissions, as well as excerpts of depositions of appellants and Hyunah Choi, a notary (hereinafter, the "notary").[1] In support of their motion, appellees relied upon additional excerpts of depositions of appellants, as well as affidavits of Choi and the following individuals: 1) Antonio Guerrero, 2) Steven F. Siegel ("Siegel"), and 3) William Parise ("Parise"). In addition, appellees relied upon exhibits to depositions, responses to interrogatories, certified copies, and a portion of the Virginia Notary Handbook.

---

[1] In some of the notarial certificates in the record, the notary uses her former name Hyunah Park. For ease of reference, the court refers to the notary without reference to either her former or current name.

2

The court held a hearing on the cross-motions for summary judgment and entered a brief order denying appellants' motion and granting appellees' motion, on March 28, 2019. The court entered further and final order explaining the reasons for its decision on April 11, 2019. See In re Mullaney, 2019 WL 1579691 at *1.

Appellants timely noticed appeal and the parties filed record on appeal on May 24, 2019. Appellants filed the instant motion to certify questions of law to the Supreme Court of Virginia on June 3, 2019, to which appellees responded in opposition. On June 28, 2019, the court held in abeyance decision on the motion pending completion of briefing on appeal, which completed on August 5, 2019.

## STATEMENT OF UNDISPUTED FACTS

The undisputed facts may be summarized as follows. Appellants purchased the Property in May, 2006. (Siegel Aff. (DE 12-2 at 65-69) ¶ 10). To fund the purchase, appellants obtained two loans: 1) one in the principal amount of $527,500.00, from ABN AMRO, now held by appellees ("appellees' loan"), and 2) the other in the principal amount of $350,000.00 from Wells Fargo. (Id. ¶ 5). The closing attorney, Siegel compiled documents for both loans and conveyed them to appellants' home in Alexandria, Virginia, on May 19, 2006. (Id. ¶ 6). Appellants returned signed documents to Siegel on May 23, 2006, and closing was completed on that date. (Id. ¶¶ 6, 10).

Among the documents signed and returned by appellants are the deed of trust at issue in the instant appeal, which secures appellees loan, as well a separate deed of trust securing the Wells Fargo loan (the "Wells Fargo deed of trust"). (Id. ¶¶ 7.r & 8.1). The deed of trust is signed by both appellants, with a notary certificate, as follows (for ease of reference, the court has copied an image below of the signatures and certificate, followed by a transcription of the words therein):

3

(DE 12-1 at 23).

>BY SIGNING UNDER SEAL BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.
>
>*[David D. Mullaney]* (Seal)   *[Elise H. Mullaney]* (Seal)
>DAVID D MULLANEY         ELISE H. MULLANEY
>
>State of XXXXXXXXXXXXX Virginia        *[Arlington]* County ss:
>
>I, *[Hyun Ah Park]*, a Notary Public of the County of *[Arlington]*, State of *[Virginia]*, do hereby certify that DAVID D. MULLANEY, personally appeared before me this day and acknowledged the due witness my hand and official seal this *[22]* day of *[May, 2006]*.
>
>My commission expires: *[Dec. 31, 2009]*
>
>       *[Hyun Ah Park]*
>
>       Notary Public

(DE 12-1 at 23).[2]

---

[2] In the above transcription, handwritten text is indicated in brackets and italics. The "Borrower" is defined in the deed of trust as "DAVID D MULLANEY and wife, Elise H. Mullaney." (DE 12-1 at 15).

4

The Wells Fargo deed of trust is signed by both appellants and notarized with the following notary certificate (again, with a copy of the image, followed by transcription):

> BY SIGNING UNDER SEAL BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.
>
> [signature] DAVID D MULLANEY    5/22/06 (Seal) -Borrower
>
> [signature] ELISE H MULLANEY    (Seal) -Borrower
>
> *   *   *
>
> ~~NORTH CAROLINA~~, ~~NEW HANOVER~~ COUNTY.
> Virginia,  Arlington                                Virginia
> I  Hyun Ah Park  , a Notary Public of the State of ~~North Carolina~~, do hereby certify that David D. Mullaney and Elise H. Mullaney  personally appeared before me this day and acknowledged the due execution of the foregoing instrument.
>
> Witness my hand and notarial seal on this the 22 day of May, 20 06.
>
> [NOTARIAL SEAL]    Hyun Ah Park
> My Comm. Exps Dec 31, 2009    Print Name: [signature]
>                               Notary Public

(DE 12-1 at 95-96).[3]

> BY SIGNING UNDER SEAL BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.
>
> *[David D. Mullaney 5/22/16]* (Seal)
> DAVID D MULLANEY - Borrower
>
> *[Elise H. Mullaney]* (Seal)
> ELISE H. MULLANEY – Borrower . . . .

---

[3]  The Wells Fargo deed of trust borrower signatures are on a separate page from the notarial certificate, and the image herein reproduced omits an intervening page with blank lines for signatures of additional borrowers, not applicable in the instant case.

5

>   XXXXXXXXXXXXX, XXXXXXXXXXXXX COUNTY.
>   Virginia              *[Arlington]*
>
>   I, *[Hyun Ah Park],* a Notary Public of the State of XXXXXXX Virginia, do hereby certify that <u>David D. Mullaney and Elise H. Mullaney</u> personally appeared before me this day and acknowledged the due execution of the foregoing instrument.
>
>   Witness my hand and official seal this *[22]* day of *[May], 20[06]*.
>
>   [NOTARIAL SEAL]         *[Hyun Ah Park]*
>                           Print Name: *[Signature]*
>                           Notary Public
>
>   My commission expires: *[My Comm. Exps. Dec. 31, 2009]*

(DE 12-1 at 96).[4]

Siegel provides the following explanation concerning the preparation of the deed of trust for signature:

> Prior to the closing of the referenced loans and the Mullaneys' purchase of the Property, I received loan closing packages from both lenders. Mr. Mullaney was the sole borrower on the ABN AMRO loan as is often the case, just as his name was included on the loan documents. With respect to the deed of trust . . . , I would have reviewed it to make sure both Mr. and Mrs. Mullaney were reflected as grantors as they were listed in the grantee section of the Warranty Deed by which they acquired title and if they were not would have added the missing name. In reviewing the deed of trust . . . I believe my office typed my name onto the first page in the two spots where my name is reflected and typed "and wife, Elise H. Mullaney" on the first page, and typed "Elise H. Mullaney" under the signature lines on page 9 of 9 . . . . My office would have typed these names on the deed of trust prior to forwarding them for execution.

(Siegel Aff. (DE 12-2 at 66) ¶ 6).

Appellant Mrs. Mullaney does not recall signing either deed of trust, or appearing before a notary to acknowledge either deed of trust. (Mrs. Mullaney Dep. (DE 12-3) at 15)).[5] However,

---

[4] In the above transcription, handwritten text is indicated in brackets and italics. The "Borrower" is defined in the deed of trust as "DAVID D. MULLANEY AND WIFE, ELISE H. MULLANEY." (DE 12-1 at 85).

[5] Page numbers in citations to deposition testimony specify the page number on the face of the deposition transcript and not the page number designated by the court's electronic case filing (ECF) system.

she testified her signature appears on the deed of trust in multiple places, and that she "absolutely" believes that she did sign all the documents required for purchase of the Property. (Id. at 16, 21-26).

Both the deed of trust and the Wells Fargo deed of trust securing the Property, along with the deed to the Property itself (the "Warranty Deed"), were recorded on May 23, 2006, for registration with the New Hanover County register of deeds, at 12:28 p.m. (DE 12-1 at 15 (deed of trust, recorded at BK: 5025 PG: 1656-1670); and DE 12-1 at 85 (Wells Fargo Deed of Trust, recorded at BK 5025 PG 1671-1685); DE 12-2 at 193 (Warranty Deed, recorded at BK 5025 PG 1652-1656); see also Guerrero Aff. (DE 12-2 at 8-12) ¶ 6). All three documents remain recorded with the New Hanover County register of deeds. (Parise Aff. (DE 12-2 at 186-188) ¶¶ 1-4).

**COURT'S DISCUSSION**

A.   Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) to review the bankruptcy court's order. "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Harman v. Levin, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985) (internal quotations omitted). "Legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous." Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). Where this case requires review of an order granting summary judgment, only legal issues here are presented for decision.

Federal Rule of Bankruptcy Procedure 7056 incorporates the standard for summary judgment articulated in Federal Rule of Civil Procedure 56. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

The court may affirm the bankruptcy court on any ground supported by the record. See Helvering v. Gowran, 302 U.S. 238, 245–46 (1937) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.").

B.     Analysis

Appellants' claims in the instant adversary proceeding are premised upon the avoidance of the deed of trust pursuant to 11 U.S.C. §§ 544(a)(1). Under 11 U.S.C. § 1107(a), a debtor becomes a "debtor in possession" upon filing of a Chapter 11 case for bankruptcy and thereby gains "all the rights . . . and powers of a trustee serving in a case under [Chapter 11]." 11 U.S.C. § 1107(a). "A trustee or a debtor in possession, without regard to any knowledge, is empowered to avoid any transfer of property of the debtor or any obligation of the debtor that is voidable by a hypothetical lien creditor," under the provisions of 11 U.S.C. §§ 544(a)(1) and (a)(3). In re Kitchin Equip. Co. of Virginia, Inc., 960 F.2d 1242, 1245 (4th Cir. 1992). In pertinent part, § 544(a), provides that the debtor in possession "shall have . . . the rights and powers of, or may avoid any transfer of

property of the debtor or any obligation incurred by the debtor" that is voidable by a judicial lien creditor or a subsequent bona fide purchaser for value. 11 U.S.C. § 544(a)(1) & (3); see id.; see also In re Hartman Paving, Inc., 745 F.2d 307, 310 (4th Cir. 1984).[6]

"While federal law confers on the trustee the power to avoid some transfers and obligations of the debtor, state law controls the exercise of this power." In re Kitchin, 960 F.2d at 1245. The trustee's "right to avoid is determined by whether, under state law, a bona fide purchaser of the property would have taken the property subject to the lien." In re McCormick, 669 F.3d 177, 180 (4th Cir. 2012). For example, "[i]f a prior lien is not properly recorded in accordance with the [state's recording] system, then the purchaser can count on taking property as if no lien exists, even though the purchaser may have knowledge that an earlier lien had been created." Id. at 181. Likewise, "if under applicable state law a judgment lien creditor would prevail over an adverse claimant, the trustee in bankruptcy will prevail; if not, he will not." Angeles Real Estate Co. v. Kerxton, 737 F.2d 416, 418 (4th Cir. 1984).

Accordingly, the instant appeal turns on whether, under North Carolina law, the deed of trust is voidable due to the asserted defect in the notarial certificate. Under North Carolina law, "[a]ll deeds, contracts or leases, before registration, . . . shall be acknowledged by the grantor, lessor or the person executing the same, or their signature proven on oath by one or more witnesses in the manner prescribed by law, and all deeds executed and registered according to law shall be

---

[6] Hartman Trading suggests that in some instances a debtor in possession with actual notice of a conveyance (as here) categorically cannot avoid a transfer. See 745 F.2d at 310. Some courts have doubted the authority of Hartman Trading on this issue. See, e.g., In re Wilson, 359 B.R. 123, 137 (Bankr. E.D. Va. 2006) ("[T]he extent to which Hartman Paving . . . remains good law is questionable."). It also appears to conflict with the statement in In re Kitchin that the debtor in possession is empowered to avoid any transfer of property "without regard to any knowledge." 960 F.2d at 1245; see also In re McCormick, 669 F.3d 177, 180 (4th Cir. 2012) ("[W]hen determining whether a Trustee can avoid a lien created before the bankruptcy petition was filed, the Trustee's actual knowledge of the lien is irrelevant."). This court need not resolve the continued viability of Hartman Trading, in light of the court's determination herein that the deed of trust is valid and not voidable.

valid, and pass title and estates without livery of seizin, attornment or other ceremony." N.C. Gen. Stat. § 47-17 (emphasis added).

"By making or giving a notarial certificate, <u>whether or not stated in the certificate</u>, a notary certifies as follows: . . . (1) As to an acknowledgment, all those things described in [N.C. Gen. Stat. §] 10B-3(1)." N.C. Gen. Stat. § 10B-40(a1) (emphasis added). In turn, N.C. Gen. Stat. § 10B-3(1), defines the components of an acknowledgment as the following:

> (1) Acknowledgment. -- A notarial act in which a notary certifies that at a single time and place all of the following occurred:
>
> a. An individual appeared in person before the notary and presented a record.
>
> b. The individual was personally known to the notary or identified by the notary through satisfactory evidence.
>
> c. The individual did either of the following:
>
> i. Indicated to the notary that the signature on the record was the individual's signature.
>
> ii. Signed the record while in the physical presence of the notary and while being personally observed signing the record by the notary.

N.C. Gen. Stat. Ann. § 10B-3(1) (emphasis added).

In brief, under these North Carolina statutes, by making a notarial certificate, a notary certifies that an individual appeared and signed before her a document, "whether or not stated in the certificate." N.C. Gen. Stat. § 10B-40(a1). In this case, it is undisputed that the notary, affixed a notarial certificate on the deed of trust, and that such certificate appears immediately below the signatures of appellants. (DE 12-1 at 23). By the act of affixing the notarial certificate, the deed of trust satisfies the acknowledgment requirement of N.C. Gen. Stat. § 47-17. Therefore, on this basis alone, there is no genuine issue of fact that the deed of trust is valid, and it is not rendered voidable by the omission of appellant Mrs. Mullaney's name from the notarial certificate.

In addition, and in the alternative, the deed of trust is valid by virtue of meeting the requirements for registration. Under North Carolina law, "[t]he register of deeds shall not accept for registration any instrument that requires proof or acknowledgement unless the execution of the instrument by one or more signers <u>appears to have been proved or acknowledged</u> before an officer with the apparent authority to take proofs or acknowledgements, and the proof or acknowledgement includes <u>the officer's signature, commission expiration date, and official seal, if required</u>." N.C. Gen. Stat. § 47-14(a) (emphasis added). "Technical defects, . . . and errors <u>or omissions</u> in a form of probate or other notarial certificate, shall not affect the sufficiency, validity, or enforceability of the form of probate or the notarial certificate <u>or the related instrument or document</u>." N.C. Gen. Stat. § 47-41.2(a) (emphasis added). "After the register of deeds has determined that all statutory and locally adopted prerequisites for recording have been met, the register of deeds shall immediately register all written instruments presented to him for registration." N.C. Gen. Stat. § 161-14(a).

In accordance with § 47-14(a) and § 47-41.2(a), where it is undisputed that the deed of trust was accepted for registration, and where it contains notary certificate that includes the required components of officer's signature, commission expiration date, official seal, (see DE 12-1 at 23; Guerrero Aff. (DE 12-2 at 8-12) ¶ 6), the omission of the name of the female appellant, Mrs. Mullaney, in the notarial certificate does not render the registered deed of trust invalid.

Furthermore, again in the alternative, the notary certificate on the deed of trust is in substantial compliance with statutory requirements, such that any defects therein do not render the deed of trust invalid. The North Carolina Supreme Court has confirmed that "acknowledgements may be upheld whenever there has been a substantial compliance with the law and no suspicion of fraud or unfairness attaches to the transaction." <u>Freeman v. Morrison</u>, 199 S.E. 12, 14 (N.C. 1938)

(quotations omitted). "Acknowledgements also are aided by the presumption that public officers do their duty, and in further support of the officer's certificate resort may be had to the instrument acknowledged." Id. (quotations omitted). "The policy of the law favors registration and will not suffer its purpose and effect to be defeated on account of immaterial omissions, patent mistakes, and inartificial expressions in the certificate." Id. (quotations omitted; emphasis added).

The North Carolina General Statutes provide that "[w]hen properly completed by a notary, a notarial certificate that substantially complies with the following form may be used and shall be sufficient under the law of this State to satisfy the requirements for a notarial certificate for the acknowledgment of a principal who is an individual acting in his or her own right or who is an individual acting in a representative or fiduciary capacity." N.C. Gen. Stat. § 10B-41(a).

> _____ County, North Carolina
>
> I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document: name(s) of principal(s).
>
> Date: _____ Official Signature of Notary
>
> Notary's printed or typed name, Notary Public
>
> (Official Seal) My commission expires: _____

Id. "The authorization of the form in this section does not preclude the use of other forms." Id. In addition, "[a]ny notarial certificate made in another jurisdiction shall be sufficient in this State if it is made in accordance with federal law or the laws of the jurisdiction where the notarial certificate is made." N.C. Gen. Stat. § 10B-40(e).

Thus, the notary certificate in the deed of trust is sufficient either if it is in substantial conformity with the form set out in the North Carolina General Statute or if it is in accordance with Virginia law, where the certificate was made. Turning first to North Carolina law, the notary certificate is made in substantially the form set out in the statute, because it includes language

13

expressing certification and acknowledgment of signatures, and it is dated, signed, and sealed by the notary. See N.C. Gen. Stat. § 10B-41(a).  In addition, based upon all the undisputed facts and circumstances of this case, the omission of Mrs. Mullaney's name in the notary certificate in the deed of trust is a "patent mistake[]" that is subject to the principle of substantial compliance under North Carolina law.  Freeman, 199 S.E. at 14.  In particular, it is undisputed in this case that appellants appeared before the notary for acknowledgment of their signatures on the Wells Fargo deed of trust; the notary certificate on the deed of trust and their signatures on the deed of trust are dated on the same date; the deed of trust and the Wells Fargo deed of trust were part of the same transaction for transfer of the Property; these deeds of trust were returned together to the closing attorney and were recorded together, at the same time; and the notary certificate on the deed of trust is affixed to the same page as the signatures of both appellants. In light of these facts and circumstances, there is no genuine issue of fact that the omission in the notary certificate in the deed of trust was a patent mistake that does not render the deed of trust invalid.

The same result follows from Virginia law.  The necessary components of a notarial certificate under Virginia law are "the notary public's signature, title, commission expiration date, notary registration number, and other required information concerning the date and place of the notarization and states the facts attested to or certified by the notary public in a particular notarization."  Va. Code § 47.1-2.  Critically, under Virginia law, "[a] notary shall not: . . . [n]otarize a signature on a document without notarial certificate wording on the same page as the signature unless the notarial certificate includes the name of each person whose signature is being notarized."  Va. Code. § 47.1-15 (emphasis added).  By negative implication, a notarial certificate that does not include name of each person whose signature is being notarized, is sufficient so long as the notarial certificate wording is on the same page as the signature. See id.  Accordingly, in the

14

instant case, where the notary certificate is on the same page as the signatures being notarized, it is made in accordance with the requirements of Virginia law.

In sum, the asserted defects in the notarial certificate on the deed of trust do not invalidate the deed of trust. The deed of trust also is valid by virtue of meeting the requirements for registration. Further, and in the alternative, the deed of trust is not rendered invalid by the asserted defects in the notarial certificate, because the notarial certificate was made in substantial compliance with North Carolina law and in accordance with the requirements of Virginia law.

Appellants' arguments to the contrary are unavailing. Appellants contend that the court should refer for certification by the Supreme Court of Virginia the question of the validity of the notarial certificate. Pursuant to Rule 5:40 of the Rules of Supreme Court of Virginia, that court may, in its discretion, answer a question of law certified to it if 1) the question of Virginia law is "determinative" in the case pending in the certifying court, and 2) "there is no controlling precedent on point" in the decisions of the Court of Appeals or the Supreme Court of Virginia. Here, however, the question of validity of the notarial certificate under Virginia law is not "determinative" of this case. As set forth herein, the deed of trust is valid based upon North Carolina law, and the status of the notarial certificate under Virginia law is only an alternative basis for the court's holding. In any event, the court's analysis of the validity of the notarial certificate depends upon Virginia statutes and does not turn on Virginia common law.[7] Accordingly, appellants' argument in favor of certification is without merit, and the court denies appellants' corresponding motion to certify questions to the Supreme Court of Virginia.

---

[7] For this same reason, the court finds inapposite citation by plaintiff to Virginia court cases that predate and do not apply language of Va. Code §§ 47.1-2 and 47.1-15, upon which the court relies in its analysis herein. See, e.g., Kiser v. Clinchfield Coal Corp., 200 Va. 517 (1959); Banner v. Rosser, 96 Va. 238 (1898); Hockman v. McClannahan, 87 Va. 38 (1890).

Appellants argue that, under North Carolina law, the notarial certificate in a deed of trust "must include the name of the party who appeared before the notary," citing N.C. Gen. Stat. § 10B-40(b)(2). The cited provision, however, does not so state. Rather, it states in pertinent part that "[a] notarial certificate for the acknowledgment taken by a notary of a principal who is an individual acting in his or her own right . . . <u>is sufficient</u> and shall be accepted in this State if it is substantially in the form set forth in G.S. 10B-41, <u>if it is substantially in a form</u> otherwise prescribed by the laws of this state, <u>or</u> if it includes all of the following: . . . . (2) Names the principal who appeared in person before the notary." N.C. Gen. Stat. § 10B-40(b) (emphasis added). This provision, when read in conjunction with the statutory provisions at N.C. Gen. Stat. § 10B-40(a1), § 47-14(a) and § 47-41.2, does invalidate a deed of trust that contains a notarial certificate substantially in compliance with North Carolina law.[8]

Appellants also cite to Article X, Section 2(4), of the North Carolina Constitution, as well as N.C. Gen. Stat. § 39-9 for the proposition that a conveyance by a husband and wife is not valid unless the conveyance is proven or acknowledged by the wife according to law. This argument, however, presumes the very issue that is presented on appeal, whether the deed of trust was acknowledged according to law. Based on the analysis herein, there is no genuine issue of material fact that the deed of trust was acknowledged according to law. The cited provisions of the North Carolina Constitution and § 39-9 do not contribute meaningfully to this analysis.

Appellants argue that it is incorrect to rely upon the fact that the Wells Fargo deed of trust was recorded on the same day and included a proper notarial certificate because "the Wells Fargo

---

[8] Where the court does not base its analysis on a determination that the omission of the name of appellant Mrs. Mullaney from the notarial certificate is a "technical defect" under N.C. Gen. Stat. § 10B-68, as urged in the alternative by appellees, the court does not reach the parties' arguments with respect to that provision. The court also need not reach appellants' remaining alternative arguments in support of the validity of the deed of trust, including through offering of a corrective affidavit and testimony by the notary and other provisions of the North Carolina General Statutes not relied upon herein.

deed of trust does not cross-reference or refer to" the deed of trust. (Appellants' Brief (DE 22) at 27). Appellants contend thus it is improper to use the Wells Fargo deed of trust to "stand in the place of" the assertedly invalid deed of trust. (Id.). The court, however, does not use the Wells Fargo deed of trust to stand in the place of the deed of trust. Rather, the Wells Fargo deed of trust is one of several facts and circumstances unique to this case that supports the determination that the omission of Mrs. Mullaney's name in the notary certificate is a patent mistake and that the notary certificate is in substantial compliance with North Carolina law.

With respect to the analysis under Virginia law, appellants cite Va. Code § 55.1-618 (formerly cited as § 55-118.3) for the proposition that a notarial certificate must identify the grantor under Virginia law. Again, however, this is not what the cited statute states or requires. Rather, § 55.1-618 states that "The person taking an acknowledgment shall certify that: 1. The person acknowledging appeared before him and acknowledged he executed the instrument . . . ." (emphasis added). It does not mandate particular language that must be included in a notarial certificate. Further, when read in conjunction with other relevant provisions in the Virginia Code, § 55.1-618 does not require an express identification of the name of the person in the notarial certificate, particularly if, as here, the certificate appears on the same page as the signature being notarized. See Va. Code §§ 47.1-2 and 47.1-15. Appellants argue that reliance on § 47.1-15 allows an "exception statute . . . to swallow the rule that a grantor is to be identified in a notarial certificate." (Appellants' Br. (DE 22) 20). But, the court must interpret the Virginia Code to give meaning to each of its provisions. See Monument Assocs. v. Arlington Cty. Bd., 242 Va. 145, 149 (1991). Ignoring the plain language of § 47.1-15 would violate this principle.

Appellants cite to decisions of the United States Court of Appeals for the Sixth Circuit, the Sixth Circuit Bankruptcy Appellate Panel, and district courts in other circuits for the proposition

that omission of a grantor's name from a notarial certificate "is fatal to the mortgage and is avoidable by the bankruptcy estate." (Reply Br. (DE 25) at 11). But, none of those cases applies North Carolina law or Virginia law regarding the sufficiency of a notarial certificate. See, e.g., In re Biggs, 377 F.3d 515, 517 (6th Cir. 2004) (Tennessee law); In re Cocanougher, 378 B.R. 518, 521 (B.A.P. 6th Cir. 2007) (Kentucky law); In re Stubbs, 330 B.R. 717, 730 (Bankr. N.D. Ind. 2005) (Indiana law), superseded by statute as noted in Miller v. LaSalle Bank Nat. Ass'n, 595 F.3d 782, 785 (7th Cir. 2010); In re Mbazira, 518 B.R. 11, 22 (Bankr. D. Mass. 2014) (Massachusetts law). In addition, none of those cases involve circumstances, as here, where multiple notarial certificates were executed on the same date as part of one transaction, such that omission of the grantor's name in one notarial certificate was a patent mistake. See id.

In sum, under North Carolina law and Virginia law, there is no genuine issue of material fact that the deed of trust is valid and not avoidable due to the asserted defect in the notarial certificate. Therefore, the bankruptcy court correctly granted summary judgment in favor of appellees and denied summary judgment in favor of appellants on their claims for avoidance under 11 U.S.C. §§ 544(a)(1) & (3).

## CONCLUSION

Based on the foregoing, the judgment of the bankruptcy court is AFFIRMED. Appellants' motion to certify questions of law to the Supreme Court of Virginia (DE 20) is DENIED. Because the facts and legal arguments are adequately presented in the briefs and record, the court dispenses with oral argument under Federal Rule of Bankruptcy Procedure 8019(b), as argument would not aid significantly the decisional process. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 13th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge